COUNTY OF LANDER, Appellant, *v.* COUNTY OF
NYE, Respondent.

No. 3229

December 30, 1938.                                  83 P.(2d) 34.

*Howard E. Browne,* District Attorney of Lander
County, for Appellant:

 

*Lowell Daniels,* District Attorney of Nye County, for Respondent:

## OPINION .

By the Court, COLEMAN, C. J.:

John Potts owns a ranch which each of the parties hereto claims lies within its boundaries. It and his personal property were assessed in both counties for several years. He elected, pursuant to law, to pay taxes to defendant county. Plaintiff sued defendant county to recover the taxes thus paid to it. The trial court rendered judgment in favor of the defendant on all counts of the complaint except the first and second, and in favor of the plaintiff on the first and second counts of the complaint—the first count being to recover the first installment of 1928 taxes paid by Potts prior to the first Monday in December 1928, and the second count

being to recover the second installment of 1928 taxes, alleged in the complaint to have been paid by Potts prior to the first Monday in June 1929. From the judgment thus rendered against the defendant, and also from the order denying defendant's motion for a new trial, an appeal has been taken. Notice of appeal was also given as to certain other orders which are nonappealable.

The only question involved on this appeal is whether or not the suit as to the 1st and 2d causes of action can be maintained, that is, did Nye County present its claim to Lander County for auditing pursuant to sections 1957 and 1958 N. C. L., within six months from the time it became due or payable.

The first-named section reads: "All unaudited claims or accounts against any county in this state, shall be presented to the board of county commissioners of said county, duly authenticated, within six months from the time such claims or accounts become due or payable; provided, nothing contained in this section shall be so construed as to prevent the presentation and auditing of any claim now due against any county in this state, at any time within nine months from the passage of this act."

Section 1958 reads: "No claim or account against any county in this state shall be audited, allowed, or paid by the board of county commissioners or any other officers of said county, unless the provisions of the last preceding section are strictly complied with."

Lander County received payment of all the taxes claimed by it for 1929 (both installments) from Potts on November 19, 1928. Nye County filed its claim against Lander County on October 7, 1929, which was rejected and disallowed. Suit was brought within six months from the date of rejection.

It is the contention of the plaintiff that since the Potts property is situated in Nye County, and was placed upon the assessment rolls of that county and taxes levied thereupon by that county, and the taxes

thus levied not being delinquent until the second Monday of June 1929, it was in no position legally to take any action against Potts until that date, hence the suit against Lander County is in apt time.

While the second cause of action alleges that Potts paid the second installment of 1928 taxes in 1929, the fact is he paid the entire 1928 tax on November 19, 1928; however, we do not deem this material.

It is provided by section 6442 N. C. L., which was the law at the time the property in question was assessed and at all times alleged in the complaint in the case (as is true as to the other sections referred to), that immediately after the first Monday in December the tax receiver, at the close of official business on that day, shall enter upon the assessment roll a statement that he has made a levy upon all property therein assessed, the taxes upon which have not been paid, and shall mark the word "delinquent" thereon, opposite the name of the person or description of the property liable for such taxes, and shall immediately ascertain the total amount of taxes then delinquent. The section also provides: "A penalty of three percent per month shall be added and collected by the tax receiver on all such delinquent property from the date of delinquency until paid, or if still unpaid on the first Monday in June next succeeding, such penalty of three (3%) percent per month shall be added to the original tax, together with a penalty of fifteen (15%) percent, hereinbefore provided, and the same shall become a lien on the property so assessed; and the tax receiver shall immediately prepare a delinquent list in the manner above provided for delinquent lists for the first installment, verified by the oath of himself or deputy, together with any property that may become delinquent on account of the failure to pay the second installment of taxes, and shall file the same in the office of the county auditor on or before the second Monday in June, specifying therein the cases in which the taxes shall be collected by

suit. The second installment of all taxes for the preceding year which remain due and unpaid on the first Monday in June following shall be subject to, and there shall be added thereto, like penalties as hereinbefore provided for delinquencies upon the first installment."

Section 6447 N. C. L., provides that immediately after the second Monday in June of each year the county treasurer shall advertise for sale property upon which delinquent taxes are a lien, except where taxes due are in excess of $300, which he may omit from such sale, in which event they shall be collected by suit. The amount paid by Potts to Lander County exceeded $300, and the amount due by Potts to Nye County also exceeded that amount.

Section 6453 N. C. L. provides that the county auditor, within three days after receiving the delinquent list, as provided by law, in June of each year, shall make out and deliver to the district attorney of his county a list of all delinquencies to be collected by suit; and section 6455 provides that the district attorneys of the several counties of the state are directed to immediately bring suit to recover such delinquent taxes.

It is provided in section 6425 N. C. L. that where the county assessors of two counties assess property claimed to be situated in both counties, the owner of the property may pay taxes in the county of his choice. It was held in the case of Humboldt County v. Lander County, 24 Nev. 461, 56 P. 228, that where the taxes were paid to the wrong county, the county in which the property was actually situated should recover.

There is no statute imposing a duty upon any public official of a county to inquire if property assessed in his county (and situated therein) is also assessed in another county and whether the taxes have been paid in such other county.

■■ We are clearly of the opinion that recovery by Nye County is not barred, as contended by Lander County. The property in question was found by the

lower court to be in Nye County, and no error is assigned to that finding; hence it is conclusively established, so far as this court is concerned, that it is in that county. Such being the fact, to enable Nye County to subject the Potts property to payment of taxes to that county, and to enable the collection of those taxes, it was necessary that the provisions of the statute pertaining to the assessment of property for tax purposes, and all subsequent provisions pertaining to the collection of taxes, be complied with. No such thing was possible as taking a short cut to collect from Lander County. The county officials of Nye County were charged with a knowledge of the law, and it was necessary that they follow the method outlined. They could take no notice of other circumstances—such as the full payment on November 19, 1928, of 1928 taxes assessed by Lander County against Potts — even if they had actual knowledge of that fact.

We have herein called attention to the statutory provisions applicable to the assessment of property, to the declaring of the same delinquent, and to the provision making it the duty of the district attorney to bring suit. From these sections it appears that the district attorney could not properly have brought suit against Potts to recover the taxes due Nye County for 1928 until after the second Monday in June of the succeeding year.

Subsequent to the second Monday in June 1929, and within six months thereafter, Nye County filed its claim against Lander County for the amount claimed to be due it. This claim was rejected by the board of county commissioners of Lander County, and suit was brought thereupon within apt time.

Our attention is called to decisions from other jurisdictions as to when a claim becomes due and payable, but they are of no assistance in view of our statutory provisions.

For the foregoing reasons, it is ordered that the judgment be affirmed.

120

March 30, 1939.                    88 P. (2d) 678.

## OPINION

*Per Curiam:*

Respondent has filed a petition for a rehearing, reminding us of the fact that this suit is against Lander County and not against John Potts, and that it is its contention that the statute of limitations begins to run at a different date against Lander County than it would against Potts. We so understood the contention when we wrote our former opinion.

We pointed out in our former opinion, 86 P. (2d) 34, the sections of our revenue law whereby a lien is established as a basis for the recovery of taxes and the necessary subsequent steps essential to that end. It was necessary in the instant matter, as we view the law, that the remedies mentioned be exhausted before Nye County was in a position to make demand upon Lander County. Such is clearly the spirit of the law. This being true, Nye County was in no position to make claim against Lander County until after the second Monday in June 1929. The claim of Nye County was filed against Lander County within the statutory time from that date.

It is a well-established rule that though one may have a claim against another as of a certain date, the statute of limitations does not begin to run if there is a disability preventing the claimant from asserting his claim, until the disability is removed.

The petition for a rehearing is denied.

Note—Justice Coleman participated in the consideration of this petition for rehearing, but died before the filing of the foregoing opinion. Justice Orr did not participate in the consideration of said petition.